CROKER NATIONAL FIRE PREVENTION ENGINEERING COMPANY, Respondent, *v.* SUCCESS THEATRE CORPORATION, Also Known as HARRIS THEATRICAL ENTERPRISES, Appellant.

Supreme Court, Appellate Term, First Department, April 12, 1926.

Trial — verdict — verdict "for the plaintiff for $500 without interest and allow no counterclaim "— verdict is equivalent to net verdict — error to set aside on ground of inadequacy.

In an action to recover a balance alleged to be due for work, labor and services, in which a counterclaim was interposed based on the alleged negligent and unworkmanlike manner in which the services were rendered, the verdict of the jury " for the plaintiff for $500 without interest and allow no counterclaim " is equivalent to a net verdict for the plaintiff for $500, and under the circumstances in this case it was error to set aside the verdict on the ground of inadequacy.

APPEAL by defendant from an order of the City Court of the City of New York, setting aside a verdict on the ground of inadequacy.

*Shaine & Weinrib* [*Edward C. Weinrib* and *Geo. C. Levin* of counsel], 'for the appellant.

*Samuel Horowitz*, for the respondent.

PER CURIAM.   This action was brought to recover the balance of a sum due under a written agreement providing for work, labor and services to be rendered by the plaintiff.   Defendant interposed a counterclaim arising out of the alleged negligent and unworkmanlike manner in which the services were rendered.   While the jury was deliberating the following inquiries in writing were made of the court and the answers indicated similarly returned:

" (1) Can the counterclaim be divided so that only a part of it may be awarded? "   Which the court answered in writing, " Yes."

" (2) Can the jury award part but not all of the plaintiff's claim? "   Which the court answered, " Yes."

" (3) Can a verdict be returned for both parties? "   Which the court answered as follows: " If by this question is meant whether consideration can be given to the counterclaim so as to reduce plaintiff's claim, or *vice versa*, the answer is ' Yes.' "

Later the jury " returned a verdict for the plaintiff for $500

without interest and allow no counterclaim." In the absence of a request by either side that the jury retire for a more precise formulation of its verdict we do not interpret this result as a statement by the jury that it had not allowed any counterclaim but merely as the equivalent of a net verdict for the plaintiff for $500. Even, however, if it be read as a verdict for the plaintiff for part of its claim, we doubt whether it would be subject to valid objection in view of the instruction given without objection that the jury might properly award part of the plaintiff's claim. Under these circumstances we feel that the order should be reversed, with costs and the verdict reinstated.

All concur; present, BIJUR, LYDON and LEVY, JJ.